IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM ROYSTON JOHNSON, et al.  :

v.  :  CIVIL NO. CCB-18-45

RAJWINDER SINGH, et al.  :

## REPORT AND RECOMMENDATION

This case was referred to me for review of the default judgment and/or making recommendations concerning damages (ECF 37). I have reviewed the pleadings and relevant legal authority. For the reasons set forth below, I recommend that the Court DENY without prejudice the Plaintiffs' Motion for Default Judgment against Batth Trucking.

The Complaint alleges that Defendant Singh was driving a 2006 Aerostar tractor trailer on July 15, 2014 on Interstate 95 in Baltimore. The tractor trailer was owned by Defendant Batth Trucking. Plaintiffs allege they were injured when Defendant Singh failed to control his speed approaching their stopped vehicle at a toll booth and collided with their vehicle (ECF 2- pp, 3-4). Jurisdiction is based upon diversity and the amount claimed is in excess of $75,000.00.

Plaintiffs seek default judgment against Batth Trucking, one of two defendants. ECF 36. Final judgment can be entered as to one of multiple defendants if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But, an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Id.

Plaintiffs' Motion does not address the implications of granting a default judgment as to only one party. This issue was recently addressed in a similar case. *Henriquez v. Magno Enterprises, et al.*, 17-1417 ADC, which the Court finds instructive. In that case, the Court denied the motion for default judgment because the Plaintiff sought default judgment against one

defendant, leaving the remaining defendant active in the case (*Henriquez* at ECF 33). As the Court stated,

"[t]his omission is of concern, in light of the principles articulated in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). "As a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *accord United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); *Mullins v. River Docks, Corp.*, 791 F. Supp. 2d 511, 512 (E.D. Va. 2011); *Carter v. Rosenberg*, AMD-04-759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005). To be sure, subsequent case law has recognized that *Frow's* holding is limited to situations alleging "joint and/or several" liability, or at least "'closely related'" liability. *Hudson*, 374 F.2d at 944-45 (citation omitted). To illustrate, if "the nondefaulting defendant's defense is a personal one—infancy, for example—and would not be available to the defaulting defendant," the *Frow* rule would not apply. 10A Wright and Miller § 2690; *see Whelan v. Abell*, 953 F.2d 663, 674-75 (D.C. Cir. 1992) (stating that *Frow* doctrine pertains "when liability is truly joint— that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all"); *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n.4 (2d Cir. 1976) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *cert. denied*, 434 U.S. 1014 (1978). *See generally Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (reviewing cases)".

The Complaint alleges that both defendants—Mr. Singh and Batth Trucking —are responsible for allegedly injuring Plaintiffs. *See* ECF 2. Plaintiffs have only sought default judgment as to Batth Trucking. As a result, at this stage it is inappropriate to grant a default judgment against one of two parties, so long as the other party is active in the case. See Fed. R. Civ. Pro. 54(b).

For the reasons set forth above. I recommend the Motion be DENIED, without prejudice to Plaintiffs' right to refile it at the appropriate time.

October 23rd, 2019

A. David Copperthite
United States Magistrate Judge