IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM ROYSTON JOHNSON, et al. :

v. : CIVIL NO. CCB-18-45

RAJWINDER SINGH, et al. :

## **REPORT AND RECOMMENDATION**

This matter was referred to me for a Report and Recommendation regarding the Motion for Default Judgment (ECF 37). An initial Report and Recommendation was filed on October 23, 2019 (ECF 38). Subsequently, the Court referred the matter to me on January 10, 2020 for a second Report and Recommendation (ECF 40). I directed Plaintiffs to file a motion for default as to Defendant Singh and a renewed motion for default as to Batth Trucking (ECF 41). The Motions have been filed by Plaintiffs (ECF 42) and are ripe for review. No hearing is necessary. Local Rule 105.6. For the reasons set forth below, I recommend the Court GRANT the motions for default as to both Defendants.

### **Facts**

On July 15, 2014, Plaintiff Johnson was operating a vehicle on Interstate 95 in Baltimore city. Plaintiff West was an occupant in the vehicle. Johnson was stopped at the toll plaza and was rear-ended by a truck operated by Defendant Singh and owned by Batth Trucking. Both Plaintiffs are alleged to have sustained injuries in the collision. (ECF 2).

On July 10, 2019, the Court granted the motion to withdraw as attorney filed by Defendant Singh's counsel Ellen Stewart, Esquire (ECF 25). On the same day, the Court also granted the motion to withdraw as attorney filed by Defendant Batth Trucking's counsel Stephen J. Marshall, Esquire and Ellen Stewart, Esquire (ECF 26). The parties did not file a status report as requested by the Court and the Court issued a show cause order as to why the case should not be dismissed on October 3, 2019 (ECF 34). On October 8, 2019, Plaintiffs filed a response(ECF

35). On November 11, 2019, the Court again issued a show cause order setting a deadline for Defendant Singh to respond why default should not be entered against him (ECF 39). Defendant Singh failed to respond. Defendant Batth Trucking failed to obtain counsel in violation of Local Rule 101.1(a). As stated above, the case has now been referred to me for a determination of the motion for default as to both Defendants.

## **Discussion**

In reviewing motions for default judgment, the court accepts the plaintiff's well-pleaded allegations as to liability as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). *See*, Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *See also, Ryan,* 253 F.3d at 780 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.") (internal citation omitted)).

If the facts alleged in the complaint establish liability, then the court must determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780–81. The court may make a determination as to the amount of damages without a hearing if the record contains sufficient evidence to support the award. *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); *Intern. Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F.Supp.2d 680, 684 (D. Md. 2013) (finding that the court need not conduct an evidentiary hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum"). Consequently, in the default judgment context, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson*, 187 F.3d 628 (4th Cir. Aug. 10, 1999) (unpublished table opinion).

In this case, the Plaintiffs state a clear cause of action and the pleadings, on their face support the default judgment and causes of action stated. Based on the facts presented and the record in this case, Defendant Batth Trucking clearly has abandoned any attempt to defend against the claims. There was no response from Batth Trucking since the date counsel was permitted to withdraw on July 10, 2019 and no new counsel has entered an appearance in violation of Local Rule 101.1(a). I find that the Motion for Default Judgment as to Batth Trucking is well supported and recommend the Court Grant the motion as to Defendant Batth Trucking.

Likewise, Defendant Singh appears to have abandoned any opportunity to defend against the allegations in this complaint. He has also failed to respond to the show cause order of November 11, 2019 which set a deadline for his response of December 16, 2019 (ECF 39). I find that the Motion for Default Judgment as to Defendant Singh is well supported in the record and I recommend that the Court GRANT the motion as to Defendant Singh.

The remaining issue is one of damages. The Court cannot assess damages from the Complaint which alleges "damages in excess of $75,000.00". Therefore, consistent with the authority set forth above, I recommend a hearing be conducted in order to assess damages alleged by the Plaintiffs.

January 31, 2020

A. David Copperthite
United States Magistrate Judge